UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HBE CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14-CV-1454-CEJ |
| | ) |
| ARCH SPECIALTY INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss Count I of the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), and for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). The issues are fully briefed.

I.    Background

Plaintiff HBE Corporation designs and constructs hospitals. In 2008, HBE contracted with Kaiser Foundation Hospitals to design and build a hospital complex in Harbor City, California. HBE sought to protect itself from any loss it might suffer if it breached its contract with Kaiser by purchasing project-specific professional liability insurance (the policy) from defendant Arch Specialty Insurance Company. The policy requires Arch to defend HBE on claims related to HBE's errors or omissions in its performance of architectural, engineering, and other professional services on the hospital project, with some exceptions. The policy contains a self-insured retention clause (*i.e.*, a deductible) that requires HBE to spend $1 million defending itself before Arch's obligation to defend commences.

1

Kaiser terminated HBE's right to participate in the hospital project on November 1, 2011, alleging that HBE's design work was deficient. HBE informed Arch about the termination, in writing, on January 5, 2012. On February 17, 2012, Kaiser demanded arbitration. The matter was consolidated for arbitration with several other claims that Kaiser brought against HBE's subcontractors.

Under the policy, Arch is not obligated to defend HBE, or contribute toward HBE's defense, for any cause of action that is not covered. On May 13, 2014, Arch notified HBE that Arch would not defend or indemnify HBE in the arbitration unless HBE demonstrated that it had met the $1 million deductible. HBE responded that it had already spent over $4.5 million defending itself against Kaiser. To date, however, Arch has not contributed any funds toward HBE's defense in the arbitration.

In Count I, HBE claims that Arch breached or anticipatorily repudiated the policy by refusing to defend HBE in the arbitration against Kaiser. HBE alleges that, after tendering the Kaiser claim to Arch, "HBE's counsel . . . informed Arch's counsel that HBE's costs of its defense are well in excess of $1,000,000.00" *Complaint* ¶ 26. HBE further alleges that it "estimates that its attorneys' fees, expert fees and other costs for HBE's defense [in the arbitration proceeding] are well in excess of $4,500,000.00 and are continuing." *Id. at* ¶ 29. HBE also alleges that it "has performed its respective obligations under the Policy" and "has satisfied all conditions precedent set forth in the Policy to maintain its rights to insurance coverage." *Id. at* ¶ 30. Arch moves to dismiss Count I, arguing that allegations show that HBE has not provided evidence to Arch that it has paid the $1 million

deductible and, thus, HBE has not satisfied a condition precedent to coverage under the policy.

II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570; *see also id.* at 563 ("no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

II. Discussion

*A. Choice of Law*

The parties disagree about whether Missouri or California law governs this case. Because this motion can be resolved by reference to the Federal Rules of

3

Civil Procedure and the relevant case law, it is unnecessary to address the choice of law dispute.

### B. Breach of Contract

Under Missouri law, "[a] breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Missouri Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010) (en banc) (citation omitted). Under California law, "the elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011) (citation omitted). Thus, under either Missouri or California law, satisfaction of all conditions precedent is an essential element of a plaintiff's claim for breach of contract. A complaint must therefore allege satisfaction of all conditions precedent.[1]

"The Federal Rules of Civil Procedure expressly permit generalized pleading of compliance with conditions precedent." *Cummins Law Office, P.A. v. Norman Graphic Printing Co.*, 826 F. Supp. 2d 1127, 1129 (D. Minn. 2011). Fed. R. Civ. P. 9(c) states as follows: "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Here, the allegations of the complaint clearly state that HBE informed Arch that it had exceeded the $1 million deductible and that HBE has satisfied the relevant condition

---

[1] The parties agree that, under either Missouri or California law, HBE has satisfied the other elements to state a claim for breach of contract.

4

precedent to coverage. Therefore, Count I of the complaint sufficiently states a claim for breach of contract.[2]

### C. Subject Matter Jurisdiction

Arch contends that HBE's claim is not ripe for adjudication. *See KCCP Trust v. City of N. Kansas City*, 432 F.3d 897, 899 (8th Cir. 2005) (citing *Abbott Laboratories v. Gardner*, 387 U.S. 136, 149 (1967)). Arch reasons that HBE's alleged failure to satisfy all conditions precedent means that Arch is not yet in breach and HBE's claim is not yet ripe. This argument is based on the faulty premise that Count I fails to state a claim for breach of contract. Because the Court has concluded that Count I is legally sufficient, a justiciable controversy exists.

\* \* \* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Count I of the complaint [Doc. #4] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of January, 2015.

---

[2] Because HBE has alleged a plausible claim for breach of contract, the Court does not address HBE's alternative argument that Arch anticipatorily repudiated the contract.